IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RASHEEN RIVERS, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-0076 |
| | : | |
| JOHN A. REILLY, *et al.*, | : | |
| *Defendants.* | : | |

**MEMORANDUM**

**PAPPERT, J.**                                                                   **MARCH   20, 2020**

Plaintiff Rasheen Rivers filed this civil rights action pursuant to 42 U.S.C. § 1983 against John A. Reilly, The GEO Group Inc. Medical Department Compass, Michael Moore, and Warden Lee Tatum. Rivers also seeks leave to proceed *in forma pauperis*. Because it appears that Rivers is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I

In his Complaint, Rivers alleges that the events giving rise to his claims occurred during "the intake process" from July 15, 2019 through August 15, 2019. (ECF No. 2 at 5.) Although Rivers does not specifically identify where he was during this period, the Court understands that during that period, he was incarcerated at the George W. Hill Correctional Facility following a probation violation.[1] *See*

---

[1] The Court may consider matters of public record when evaluating whether a complaint states a claim. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

*Commonwealth v. Rivers*, Docket No. CP-23-CR-0006706-2012 (Delaware Cty. Court of Common Pleas).

Rivers avers that he was "forced to sleep on the floor without a bathroom during the intake process for 9 days. No shower." (*Id.*) Rivers was "forced to urinate in milk cartons with 17 other inmates in the same holding cell," despite being "approved . . . to a 3 man cell" by Michael Moore. (*Id.*) He "was forced to sleep on the top bunk" even though the medical department had approved a "bottom bunk pass." (*Id.*) Rivers avers that he fell off of the top bunk while sleeping, and he injured his right arm. (*Id.*) A medical report was made on October 15, 2019. (*Id.*) Rivers asserts that "Warden Lee Tatum was written a complain[t] on [the] matter but was not able to respond in a timely fashion due to other issues." (*Id.*) He further avers that "Medical Staff GEO" did not respond to his medical slip about this incident and "treatment was not given until numerous complaints were made by [him]" to sergeants, lieutenant, and warden. (*Id.*) Rivers asserts that "medical staff" took away his bottom bunk pass despite "knowing [his] history on previous violation" and "made [him] suffer 30 days on a top bunk." (*Id.*)

With respect to injuries, Rivers contends that he "received a spider bite from sleeping on the floor" and he "reinjured [his] right arm from fall off the top bunk." (*Id.* at 6.) He claims to have acquired a "contagious" disease from one of the other inmates as a result of the "overcrowdedness during intake." (*Id.*)

In the section of the form complaint asking about relief sought, Rivers indicates that he is seeking "$3,000 for a total of time spent in intake" for "overcrowded conditions that deprived" his safety and welfare. (*Id.*) He also seeks $5,000 from Michael Moore "for his absence of proper placement of classification and working with

2

staff to as[s]ure flow of operation is safe." (*Id.*) Rivers also seeks $10,000 for "lack of treatment and not providing [him] the right to continue bottom bunk." (*Id.*)

II

The Court will grant Rivers leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, River's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Rivers is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

III

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" for liability to attach under § 1983. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 (explaining that, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

A

1

Although Rivers has named John A. Reilly as a Defendant in this matter, he does not mention Reilly anywhere in the body of his Complaint. Rivers is obligated to explain how each individual named as a Defendant was personally involved in the violation of his constitutional rights, whether due to the prison official's own misconduct or the official's deliberate indifference to known deficiencies in a policy or procedure that violated Rivers's rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Because Rivers fails to mention Reilly in the body of his Complaint, he has not stated a basis for imposing liability against him and his claims against Reilly are dismissed.

The claims Rivers seeks to pursue against "The Geo Group, Inc. Medical Department Compass" must be dismissed pursuant to § 1915(e)(2)(B). The Geo Group Inc., a private corporation under contract to provide services at the George W. Hill Correctional Facility, may be liable under § 1983 only if the entity's policies or customs caused the alleged constitutional violation. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (acknowledging that entity contracted to perform medical services for county jail is state actor for purposes of section 1983); *French v. GEO Grp., Inc.*, Civ. A. No. 18-4312, 2018 WL 4929859, at *2 (E.D. Pa. Oct. 10, 2018) ("The GEO Group acts under color of state law by providing services for the George W. Hill Correctional Facility."); *Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *3, n.5 (E.D. Pa. Mar. 11, 2009) ("For purposes of Plaintiff's § 1983 claims, Defendant GEO Group, a private company, was acting under the color of state law since it provided daily functional services for the Delaware County Prison."). To assert a plausible claim under section 1983 against GEO Group and its departments, the plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (citation omitted). It may also be liable for failure to supervise, train, or discipline its employees. *See Forrest*, 930 F.3d at 106.

Here, Rivers has not tied any of the conduct or conditions of which he complains to GEO Group custom or policy and has not alleged that GEO Group, Inc. failed to supervise, train or discipline any individual involved in the deprivation of

Rivers's rights. Rivers's claim against "The Geo Group, Inc. Medical Department Compass" are dismissed without prejudice.

3

The factual allegations as to Michael Moore are sparse. In fact, the only factual allegation in the Complaint as to Moore is that he approved Rivers to a three-man cell during classification. (ECF No. 2 at 5.) Nevertheless, Rivers seeks $5,000 from Michael Moore "for his absence of proper placement of classification and working with staff to as[s]ure flow of operation is safe." (*Id.* at 6.) This conclusory allegation fails to identify anything Moore did to violate Rivers's constitutional rights. Accordingly, Rivers's claims as to Moore will be dismissed. The Court cannot state with certainty that Rivers will be unable to state a viable claim against Moore, so he will be granted leave to amend his Complaint.

4

Rivers asserts that "Warden Lee Tatum was written a complain[t] on [the] matter but was not able to respond in a timely fashion due to other issues." (ECF No. 2 at 5.) This is the only allegation in the Complaint that addresses the Warden.

To the extent Rivers seeks to assert claims based on a supervisory liability theory against the Warden, there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes*, 766 F.3d at 316. First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in

original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* Because Rivers does not explicitly allege the basis for a supervisory liability claim against the Warden, this claim is not plausible and will be dismissed.

Moreover, to the extent Rivers alleges a violation of his rights with respect to the Warden's failure to respond to his grievance, claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, any facts alleged by Rivers about grievances do not give rise to a plausible basis for a constitutional claim and will be dismissed with prejudice.

While Rivers has failed to state a plausible claim at this time, the Court is not prepared to find that Rivers cannot, if granted the opportunity, state a plausible claim for relief against the appropriate and relevant defendants. Accordingly, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Rivers will be granted leave to file an amended complaint within thirty (30) days if he wishes to proceed with the case. In so doing, however, Rivers should be mindful that his Complaint is deficient for other reasons as well. These deficiencies are noted in the sections which follow.

B

The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Because it appears to the Court that Rivers's incarceration resulted from a probation violation following a conviction, the Court will analyze his claim under the Eighth Amendment.

To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must show that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010) (stating that the Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials provide "humane conditions of confinement."). Such necessities include food, clothing, shelter, medical care and reasonable safety. *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000). A prisoner must also establish that the defendants acted with deliberate indifference. *Farmer*, 511 U.S. at 835.

Rivers takes issue with various conditions at the George W. Hill Correctional Facility during his intake process. However, many of his claims regarding those conditions do not state a plausible basis for a constitutional violation. For instance, housing multiple inmates in a cell does not alone establish a constitutional violation. *See, e.g., North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-bunking of cells, alone, is not per se unconstitutional.")

In order to establish a plausible constitutional violation, Rivers must allege that the overcrowded conditions amounted to punishment, deprived him of a basic need, or otherwise caused him harm. *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner."); *Hubbard v. Taylor*, 538 F.3d 229, 232-35 (3d Cir. 2008) (triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment); *Walker v. George W. Hill Corr. Facility*, Civ. A. No. 18-2724, 2018 WL 3430678, at *3 (E.D. Pa. July 13, 2018) (concluding that prisoner plaintiff's claims that "he was forced to share a cell with two other individuals and that he was forced to sleep on the floor inside what was described as a boat unit" and that "his sleeping area was a very unhealthy and unsanitary space two feet from the toilet bowl" failed to state a Fourteenth Amendment claim with respect to allegations of overcrowding).

Further, Rivers alleges that he "received a spider bite on [his] lip from sleeping on the floor." (ECF No. 2 at 6.) This allegation fails to suggest that the conditions in which he was held fell below constitutional standards. *See Wilson*, 501 U.S. at 305; *see also Thomas v. SCI Graterford*, No. 11-6799, 2014 WL 550555, at *4-5 (E.D. Pa. Feb. 12, 2014) (concluding that while presence of insects in prison was uncomfortable, plaintiff had not "demonstrated an unconstitutional threat to his health and safety");

9

*Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 467 (M.D. Pa. 201) (infestation with roaches, spiders, worms, gnats, mice, and other unknown insects uncomfortable but not unconstitutional).

C

Rivers's Complaint does not attribute any conduct involving medical treatment to any individual defendant. Rather, Rivers avers that "medical staff" or "medical staff GEO" did not attend to his requests for medical treatment. (ECF No. 2 at 5-6.) Even construing Rivers's Complaint liberally, these pleading deficiencies make it challenging to screen the Complaint and would make it difficult for a defendant to meaningfully respond to the pleading. *See Lawal v. McDonald*, 546 F. App' x 107, 113 (3d Cir. 2014) (pleading that relied on "repeated and collective use of the word 'Defendants'" was ambiguous about each Defendant's role in the events giving rise to plaintiff's claims). There are no specific actions (or inactions) attributable to any individual medical defendant.

In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *Rode*, 845 F.2d at 1207; *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (quotations omitted); *see also Iqbal*, 556 U.S. at 676 (explaining that " [b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Rivers has made no allegations describing how any specific individuals were personally responsible for any alleged constitutional violations with

10

respect to his medical care. Thus, the allegations are insufficient to put anyone on notice to prepare a defense, and the Complaint does not ensure that the Court is sufficiently informed of the facts to determine the relevant legal issues. Additionally, although Rivers indicates that he required a bottom bunk for a medical need, he does not describe the nature of that medical need or why the need required a bottom bunk accommodation.

In order to state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent
"unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Bearam v. Wigen*, 542 F. App'x 91, 92 (3d Cir. 2013) (per curiam) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)); *see also Montgomery v. Aparatis Dist. Co.*, 607 F. App'x 184, 187 (3d Cir.

2015) (per curiam) ("Delay or denial of medical care violates the Eighth Amendment where defendants are deliberately indifferent to a prisoner's serious medical need."). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

IV

For the foregoing reasons, the Court will grant Rivers leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court will allow Rivers to file an amended complaint within thirty days in the event he can state a plausible claim against an appropriate defendant or defendants. If Rivers fails to file an amended complaint, his case will be dismissed for failure to prosecute. Rivers's Motion to Appoint Counsel will be denied without prejudice at this time. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate Order follows.

**BY THE COURT:**

**/s/ Gerald J. Pappert**
**GERALD J. PAPPERT, J.**